**In re the Petition for DISCIPLINARY ACTION AGAINST Paris DonRay GETTY, an Attorney at Law of the State of Minnesota.**

No. C8–85–2372.

Supreme Court of Minnesota.

July 12, 1991.

**ORDER**

On March 16, 1990, this court suspended the respondent, Paris DonRay Getty, from the practice of law for a period of 90 days. On May 15, 1990, this court reinstated respondent and placed him on supervised probation for a period of 2 years. One condition of respondent's probation was that respondent take and pass the professional responsibility portion of the bar examination by May of 1991. Respondent failed to take the examination as required by the court. On May 9, 1991, respondent filed a motion with this court requesting an extension of time within which to take the examination, stating certain mitigating factors in explanation for his failure to take the examination during the prescribed 1–year period.

After filing documents in opposition to respondent's motion, the Director of the Office of Lawyers Professional Responsibility requested that the court hold respondent's motion in abeyance for a short period of time while the Director and respondent attempted to work out an agreement with regard to respondent's motion. This court granted the abeyance. On May 31, 1991, the Director filed a petition for further disciplinary action against respondent with this Court along with a stipulation for discipline between the Director and respondent. In the stipulation, the parties recommend that the court modify and extend respondent's current supervised probation, and that the court grant respondent's motion for an extension of time within which to take the professional responsibility portion of the bar examination. By separate order, this court has granted respondent's motion for an extension. This order deals with the remaining recommendations of the parties' stipulation.

The allegations contained in the petition for further disciplinary action, and on which the parties' stipulation is based, include the following: that respondent failed to appear in court on one occasion and failed to properly communicate with his client; that respondent failed to timely file an affidavit and submit the necessary payment to the Board of Continuing Legal

Education; and that respondent failed to timely pay attorney registration fees which resulted in respondent's automatic suspension from the practice of law for a period of 12 days, during which time respondent continued to practice law. In the stipulation, respondent waived his right to interpose an answer to the petition and unconditionally admitted all of these allegations. The respondent waived all of his procedural rights to hearings as provided in Rule 14, Rules on Lawyers Professional Responsibility. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a modification and extension of his probation. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the probation of respondent, Paris DonRay Getty, hereby is extended to December 31, 1993, pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. That the conditions of respondent's probation shall be as follows:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor respondent's compliance with this probation and promptly respond to the Director's correspondence by the due date stated in said correspondence. Respondent shall cooperate with the Director's investigation of any allegations of professional misconduct against respondent which may come to the Director's attention. Upon the Director's request, respondent shall provide authorizations for release of information and documentation to verify respondent's compliance with the terms of this probation, including respondent's compliance with treatment provisions and recommendations and with requirements to provide test results.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall maintain total abstinence from alcohol and other mood-altering chemicals, except that respondent may use prescription drugs in accordance with the directions of a prescribing physician who is fully advised of respondent's chemical dependency before issuing the prescription.

d. Respondent agrees to continue chemical dependency treatment and to follow all recommendations of the evaluating treatment center. Respondent shall complete out-patient treatment for chemical dependency and any aftercare that may be recommended by the treating facility.

e. Respondent shall attend weekly meetings of an out-patient chemical dependency treatment program acceptable to the Director. Respondent shall obtain a sponsor or counselor who is willing to verify respondent's attendance. Respondent shall, by the tenth day of each month, without a specific reminder or request, submit to the Director and to respondent's supervisor an attendance verification on a form provided by the Director, which provides the name, address and telephone number of the person verifying the attendance.

f. Respondent shall submit to random urine analysis tests at his own expense to determine whether he has used mood-altering chemicals. Such tests shall be scheduled by the Director's Office or by a medical facility approved by the Director's Office. The frequency of such tests reasonably shall be determined by the Director's Office in consultation with respondent's chemical dependency counselors.

g. Respondent shall undergo, or provide proof that he recently has undergone, an adequate clinical evaluation by a health care provider acceptable to the Director, and shall complete all therapy programs recommended by the provider.

h. Respondent's probation shall continue to be under the supervision of attorney Craig D. Larson. If Larson should terminate his supervision, the Director may, at his option, appoint as supervisor any licensed Minnesota lawyer.

i. Respondent shall cooperate fully with the supervisor in his efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to his supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director reasonably may request.

j. Respondent's supervisor periodically shall review respondent's books, records, ledgers and accounts pertaining to respondent's office and trust account to ensure respondent's compliance with Rule 1.15, Minnesota Rules of Professional Conduct.

k. Respondent shall maintain books and records concerning law office income and expenses and funds held on behalf of clients in compliance with Rule 1.15, Minnesota Rules of Professional Conduct, and Lawyers Professional Responsibility Board Amended Opinion No. 9. Upon request, respondent shall make all books and records pertaining to his office and trust accounts available to his supervisor or to the Director.

l. Respondent shall initiate and maintain office procedures which ensure that respondent promptly responds to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

m. Respondent shall charge flat fees only as permitted by *In re Lochow,* 469 N.W.2d 91 (Minn.1991), opinions of the Lawyers Professional Responsibility Board, and other legal authority. Except for permitted flat fees and fees for legal services provided in the past, respondent shall deposit all retainers and fees into a properly maintained trust account before withdrawing any portions thereof to his use, and no fees shall be appropriated before they are earned and the clients have been notified. Clients shall be billed at regular intervals. Respondent shall not enter into any agreements with clients providing for nonrefundable retainers or nonrefundable flat fees. If the representation is terminated prior to the completion of the contemplated legal services, respondent may charge a reasonable fee for the time he has spent on the case, if the retainer agreement so provides, and shall promptly refund the unearned portion of the retainer or flat fee to the client.

n. Respondent shall enter into written fee agreements with all clients. Respondent shall provide one copy of the agreement to the client and shall himself maintain a copy. A fee agreement clearly shall inform the client if the agreement does not commit respondent to commence and complete legal action contemplated by the client or if there are any other limits to the scope of the legal services to be provided.

o. Respondent shall institute and maintain procedures to ensure that he does not issue checks on any bank account without sufficient funds.

p. If at any time during the period of probation, after giving respondent an opportunity to be heard by the Director, the Director concludes that respondent has violated the conditions of the probation or engaged in further misconduct, the Director may file a petition for disciplinary action against respondent in the Minnesota Supreme Court without the necessity of submitting the matter to a Panel or Panel Chair. Except for the right to such consideration by the Panel or Panel Chair, respondent shall have each and every right under the Rules on Lawyers Professional Responsibility to contest the allegations of the petition.

3. That the respondent shall pay to the Director the sum of $750 in costs and dis-

bursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

TOMLJANOVICH, J., took no part in this matter.